IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Civ. No. 13-3169 |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM D. SMITH, TWILA M. SMITH, | ) | **COMPLAINT** |
| JUDITH A. DEMARAIS; ANOKA COUNTY, | ) | |
| STATE OF MINNESOTA | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff the United States of America brings this Complaint against Defendants to reduce to judgment the federal income tax assessments made against William D. Smith, and to foreclose the United States' federal tax liens encumbering certain real property in Anoka County, Minnesota.

## JURISDICTION AND VENUE

1. Under 26 U.S.C. §§ 7401 and 7403, this action has been requested and authorized by a delegate of the Secretary of the Treasury and is brought at the direction of a delegate of the Attorney General of the United States.

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402 and 7403.

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1396 because this is the district where the real property sought to be foreclosed upon is located

1

and where the primary defendant resides.

## PARTIES

4. Defendant William D. Smith, whose federal income tax liabilities are the subject of this action, resides in Anoka, Minnesota, within this judicial district.

5. Defendant Twila M. Smith is William Smith's wife. Under 26 U.S.C. § 7403(b), Twila Smith is named as a defendant because she may claim an interest in the real property at issue in this action.

6. Defendant Judith A. Demarais is named as a defendant under 26 U.S.C. §7403(b) because she may claim an interest in the real property at issue in this action.

7. Defendant Anoka County, Minnesota, is named as a defendant under 26 U.S.C. § 7403(b) because it may claim an interest in the real property at issue in this action.

8. Defendant State of Minnesota is named as a defendant under 26 U.S.C. § 7403(b) because it may claim an interest in the real property at issue in this action.

9. The United States seeks to foreclose its federal tax liens on real property (the Property) located at 213 Yoho Drive, Anoka MN, 55303, within this judicial district and more particularly described as:

> Lot Eight, Block 3, River Terrace Addition, according to the map or plat thereof on file and of record in the office of the County Recorder in and for Anoka County, Minnesota.

10. The Property is William Smith's residence, which he jointly owns with his sister, Judith Demarais.

11. William Smith and Twila Smith currently reside at the Property.

12. Demarais does not reside at the Property.

13. Defendant Anoka County, Minnesota, may claim an interest in the Property due to unpaid county real estate taxes.

14. Defendant State of Minnesota may claim an interest in the Property due to state tax liens that attach to the Property.

## COUNT I: REDUCE ASSESSMENTS TO JUDGMENT AGAINST WILLIAM D. SMITH
## 26 U.S.C. § 7402(a)

15. The United States re-alleges and incorporates by reference the allegations in paragraphs 1-14.

16. William Smith did not timely file federal income tax return for tax years 1998, 2002, 2003, and 2007.

17. In the absence of his filed returns, a delegate of the Secretary of the Treasury timely made assessments against William Smith for federal income taxes, interest, and penalties according to law.

18. Smith filed his 2002 federal income tax return in 2007, after the IRS had made an assessment against him for 2002. Smith's late-filed 2002 return was examined and a delegate of the Secretary of the Treasury timely made a revised assessment against Smith.

19. The assessments against Smith were made on the dates and for the years indicated below, and the outstanding balance of these assessments is as follows.

| Year | Assessment Date | Assessment Amount | Balance Due as of November 11, 2013 |
|---|---|---|---|
| **1998** | July 14, 2003 | $16,978.20 | $28,760.26 |
| **2002** | June 8, 2009 | $2,688.35 | $3,098.39 |
| **2003** | April 3, 2006 | $2,713.48 | $3,896.41 |
| **2007** | February 14, 2011 | $19,610.30 | $21,494.25 |
|  |  | **Total** | **$57,249.31** |

20. Notices of the above assessments and demands for payment thereof were sent to William Smith by the Internal Revenue Service in accordance with law.

21. Despite notices and demands for payment of the above assessments, William Smith has neglected or refused to pay over the amounts owed by him. There remains due and owing to the United States the sum of $57,249.31, plus statutory interest and additions accruing after November 11, 2013.

22. William Smith sent frivolous documents to the IRS relating to his tax liabilities for tax years 1991, 1992, 1993, 1994, 1995, 2000, 2001, 2002, and 2003.

23. The IRS assessed frivolous return penalties under I.R.C. § 6702(a) against William Smith.

24. On the dates and for the years listed below, a delegate of the Secretary of the Treasury timely made assessments against William Smith for frivolous return penalties under § 6702(a) as follows.

10756052.1

| Year | Assessment Date | Total Assessed | Balance Due as of November 11, 2013 |
|---|---|---|---|
| 1991 | June 5, 2006 | $500.00 | $715.56 |
| 1992 | June 12, 2006 | $500.00 | $714.57 |
| 1993 | June 12, 2006 | $500.00 | $714.57 |
| 1994 | June 12, 2006 | $500.00 | $714.57 |
| 1995 | June 12, 2006 | $500.00 | $714.57 |
| 2000 | June 12, 2006 | $500.00 | $714.57 |
| 2001 | September 29, 2003 | $500.00 | $737.88 |
| 2002 | September 8, 2003 | $500.00 | $823.69 |
| 2003 | May 22, 2006; February 9, 2009 | $5,500 | $6,631.45 |
| | | **Total:** | **$12,841.43** |

25.     Notices of the above assessments and demands for payment thereof were sent to William Smith by the Internal Revenue Service in accordance with law.

26.     Despite notices and demands for payment of the above assessments, William Smith has neglected or refused to pay over the amounts owed by him.  There remains due and owing to the United States the sum of $12,841.43, plus statutory interest and additions accruing after November 11, 2013.

WHEREFORE, the United States requests entry of judgment in its favor on Count I as follows:

(a)     that the Court enter judgment in favor of the United States and against

William D. Smith in the amount of $70,090.74, plus statutory interest, penalties, and additions accruing after November 11, 2013, until the judgment is paid; and

(b)	that the Court award to the United States its costs and such other and further relief as the Court deems just and proper.

## COUNT II:  FORECLOSE FEDERAL TAX LIENS
## 26 U.S.C. § 7403

27.	The United States re-alleges and incorporates by reference the allegations in paragraphs 1-26.

28.	Based on the assessments described above, and pursuant to 26 U.S.C. §§ 6321 and 6322, federal tax liens arose as of the dates of the assessments described in paragraphs 19 and 24 in the amounts of the assessments plus all additions accruing thereon under law, and the tax liens attached to all property and rights to property William D. Smith then owned or thereafter acquired.

29.	Notices of these federal tax liens were filed with the Office of the County Recorder, Anoka County, Minnesota.

WHEREFORE, the United States requests entry of judgment in its favor on Count II as follows:

(a) that the Court enter a judgment declaring that the United States has valid and subsisting federal tax liens for the liabilities described herein against all property and rights to property of William D. Smith;

(b) that the Court enter a judgment ordering that the federal tax liens attaching to the Property be foreclosed, that the Property be sold, that those persons occupying the Property leave and vacate the Property, and that the Court determine the rights of the parties to the proceeds of sale and the relative priorities of the parties' claims to the sale proceeds, and disburse those proceeds accordingly; and

(c) that the Court grant the United States its costs incurred in the commencement and prosecution of this action and such other and further relief as the Court deems proper and just.

### COUNT III: AGAINST TWILA M. SMITH, JUDITH A. DEMARAIS, ANOKA COUNTY, AND THE STATE OF MINNESOTA, DETERMINE PARTIES' INTERESTS IN PROCEEDS OF ANY FORECLOSURE SALE § 7403(c)

30. The United States incorporates the allegations in paragraphs 1 through 29 of the Complaint as if fully set forth therein.

31. In September 1986, the Property was transferred to Rose Smith and Donald Smith by warranty deed.

32. In March 1998, Donald Smith transferred the Property by quit claim deed to William Smith and Demarais as joint tenants.

33. In August 2002, Demarais, William Smith, and Twila Smith transferred the Property by quit claim deed to Demarais and William Smith.

34. Demarais has a half-interest in the Property by virtue of her joint ownership with William Smith.

35. Twila Smith has an inchoate interest in the Property that is junior to the United States' federal tax liens.

36. Anoka County may have assessed unpaid property taxes against the Property. If any such property taxes have been assessed, these taxes are senior to the United States' federal tax liens under 26 U.S.C. § 6323(b)(6).

37. On June 12, 2002, the State of Minnesota assessed taxes against William Smith for state tax liabilities for the 1998, 1999, and 2000 tax years ("the June 2002 State assessments"). The June 2002 State assessments gave rise to state tax liens equivalent to the amounts of the assessment, effective on the date of assessment.

38. On October 10, 2003, the State of Minnesota assessed taxes against William Smith for his 1999 state tax liability ("the October 2003 State assessments"). The October 2003 State assessments gave rise to a state tax lien equivalent to the amount of the assessment, effective on the date of assessment.

39. On March 15, 2004, the State of Minnesota recorded notice of the June 2002 and October 2003 State assessments against William Smith.

40. On January 4, 2005, the State of Minnesota assessed taxes against William Smith for his 2002 state tax liabilities. This assessment gave rise to a state tax lien equivalent to the amount of the assessment, effective on the date of assessment.

41. On April 15, 2008, the State of Minnesota assessed taxes against William Smith for his 2003, 2004, 2005, and 2006 state tax liabilities. This assessment gave rise to a state tax lien equivalent to the amount of the assessment, effective on the date of

assessment.

42. The priority of the state tax liens vis-à-vis the United States' federal tax liens are set forth in the table below.

| Lien Seniority | Date of Assessment | State or Federal Lien | Tax Year(s) |
|---|---|---|---|
| 1 | June 12, 2002 | State Tax Lien | 1998, 1999, 2000 |
| **2** | **July 14, 2003** | **Federal Tax Lien** | **1998** |
| **3** | **September 8, 2003** | **Federal Tax Lien** | **2002** |
| **4** | **September 29, 2003** | **Federal Tax Lien** | **2001** |
| 5 | October 10, 2003 | State Tax Lien | 1999 |
| 6 | January 4, 2005 | State Tax Lien | 2002 |
| **7** | **April 3, 2006** | **Federal Tax Lien** | **2003** |
| **8** | **May 22, 2006** | **Federal Tax Lien** | **2003** |
| **9** | **June 5, 2006** | **Federal Tax Lien** | **1991** |
| **10** | **June 12, 2006** | **Federal Tax Lien** | **1992, 1993, 1994, 1995, 2000** |
| 11 | April 15, 2008 | State Tax Lien | 2003, 2004, 2005, 2006 |
| **12** | | **Remaining Federal Tax Liens** | |

WHEREFORE, the United States requests entry of judgment in its favor as follows:

a. The Court determine the United States has valid and subsisting federal tax liens on the Property;

b. the Court enter judgment foreclosing the federal tax liens described in paragraphs 19, 24, and 28 on the Property, and order the Property to be sold and any person occupying the Property to leave and vacate the Property;

c.  the Court determine the rights of the parties to the proceeds of any foreclosure sale and the relative priorities of the parties' claims to the sale proceeds and distribute those proceeds accordingly; and

d.  the Court award to the United States its costs and such other and further relief as the Court deems just and proper.

Dated: November 18, 2013

        Respectfully submitted,

        KATHRYN KENEALLY
        Assistant Attorney General

        */s/ Erin Lindgren*
        ERIN LINDGREN
        Minn. Bar No. 0392617
        Trial Attorney, Tax Division
        U.S. Department of Justice
        Post Office Box 7238
        Washington, D.C. 20044
        Telephone: (202) 353-0013
        Fax: (202) 514-6770
        Erin.Lindgren@usdoj.gov